EDWARD H. KUBO, JR. # 2499
United States Attorney
District of Hawaii

MARSHALL SILVERBERG # 5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00462 JMS |
| | ) | |
| Plaintiff-Appellant, | ) | OPENING BRIEF OF PLAINTIFF- |
| | ) | APPELLANT UNITED STATES OF |
| vs. | ) | AMERICA; TABLE OF CONTENTS AND |
| | ) | TABLE OF AUTHORITIES; EXHIBITS |
| AUSTIN M. DENG, | ) | 1-6; CERTIFICATE OF SERVICE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

**OPENING BRIEF OF PLAINTIFF-APPELLANT**
**UNITED STATES OF AMERICA**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**

TABLE OF CONTENTS

PAGE(s)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . ii-iii

I.  JURISDICTION . . . . . . . . . . . . . . . . . . . . 1

II.  ISSUES PRESENTED . . . . . . . . . . . . . . . . . . 1

III.  STATEMENT OF THE CASE . . . . . . . . . . . . . . . 2

    A.  Nature Of The Case And Proceedings Below . . . . . . 2

    B.  Facts . . . . . . . . . . . . . . . . . . : . . . 4

IV.  SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . 5

V.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . 6

    A.  Standard of review . . . . . . . . . . . . . . . 6

    B.  There is no legal requirement that the
        statutory/regulatory basis for the court's
        jurisdiction be referenced on the citation . . . . . 6

    C.  The magistrate judge's ruling conflicts
        with Fed. R. Crim. P. 7(c)(3) and Supreme Court
        and Ninth Circuit precedents . . . . . . . . . . 11

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF AUTHORITIES

CASES                                                                    PAGE(s)

*United States v. Berger*, 473 F.3d 1080
    (9th Cir. 2007) . . . . . . . . . . . . . . . . . . .  12

*United States v. Bichsel*, 395 F.3d 1053
    (9th Cir. 2005) . . . . . . . . . . . . . . . . . 9, 12

*United States v. Bonallo*, 858 F.2d 1427
    (9th Cir. 1988) . . . . . . . . . . . . . . . . . . .  13

*United States v. Castro-Trevino*, 464 F.3d 536
    (5th Cir. 2006) . . . . . . . . . . . . . . . . . . .  14

*United States v. Flores-Sanchez*, 477 F.3d 1089
    (9th Cir. 2007) . . . . . . . . . . . . . . . . . . .  15

*United States v. King*, 200 F.3d 1207
    (9th Cir. 1999) . . . . . . . . . . . . . . . . . 12, 13

*United States v. Lee*, 786 F.2d 951 (9th Cir. 1986) . . . . 1, 6

*United States v. Resendiz-Ponce*,
    127 S. Ct. 782 (2007) . . . . . . . . . . . . . . . 6, 15

*United States v. Seale*, Cr. No. 07-00463 SOM . . . . . . . 13

*United States v. Stanton*, 2007 WL 2458550
    (9th Cir. Aug. 31, 2007) . . . . . . . . . . . . . . 1, 6

*United States v. Torres*, Cr. No. 06-00477 LEK . . . . . . . 2

*United States v. Trimble*, 487 F.3d 752
    (9th Cir. 2007) . . . . . . . . . . . . . . . . . . .  11

<u>STATUTES</u>                                                     <u>PAGE(s)</u>

8 U.S.C. § 1326(a) . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 13 . . . . . . . . . . . . . . . . . . . 7

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . 5

18 U.S.C. § 3401 . . . . . . . . . . . . . . . . . . 1

18 U.S.C. § 3559(a)(8) . . . . . . . . . . . . . . . 12

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . 1

40 U.S.C. § 1315 . . . . . . . . . . . . . . . . 5, 7, 9-15

40 U.S.C. § 1315(c)(1) . . . . . . . . . . . . 1, 7, 8, 10, 11

40 U.S.C. § 1315(c)(2) . . . . . . . . . . . . . . . 8

<u>RULES</u>

Rule 58(a), Fed. R. Crim. P. . . . . . . . . . . . . 12

Rule 58(a)(1), Fed. R. Crim. P. . . . . . . . . . . 12

Rule 58(g)(2), Fed. R. Crim. P. . . . . . . . . . . . 1

Rule 58(g)(2)(D), Fed. R. Crim. P. . . . . . . . . . 6

Rule 7(c)(1), Fed.R.Crim.P. . . . . . . . . . . . 12, 15

Rule 7(c)(3), Fed. R. Crim. P. . . . . . . . . . 1, 5, 11-14

<u>MISCELLANEOUS</u>

22 C.F.R. § 127.1 . . . . . . . . . . . . . . . . . . 14

32 C.F.R. § 634 . . . . . . . . . . . . . . . . . . . 10

32 C.F.R. § 634.25 . . . . . . . . . . . . . . . 5, 9, 11

32 C.F.R. § 634.25(f) . . . . . . . . . . . . 1, 9, 10, 13-15

iii

**OPENING BRIEF OF PLAINTIFF-APPELLANT UNITED STATES**

### I.     JURISDICTION

The United States Magistrate Judge had subject matter jurisdiction to hear the case under 18 U.S.C. § 3401 and Fed. R. Crim. P. 58; Plaintiff-Appellant United States filed a timely Notice of Appeal pursuant to Fed. R. Crim. P. 58(g)(2); and this court has jurisdiction pursuant to Fed. R. Crim. P. 58(g)(2); 28 U.S.C. § 1291; *United States v. Stanton*, 2007 WL 2458550 (9th Cir. Aug. 31, 2007); *United States v. Lee*, 786 F.2d 951, 955-56 (9th Cir. 1986) (magistrate's dismissal of traffic case appealable to district court).

### II.     ISSUES PRESENTED

1.     Whether traffic citations, whose jurisdiction in federal court is based upon 40 U.S.C. § 1315(c)(1) and 32 C.F.R. § 634.25(f), need to reference those statutory and regulatory provisions or whether, instead, it is sufficient for the citation to reference the substantive statute violated (that is, the relevant portion of the Hawaii Revised Statutes)?

2.     Whether, assuming *arguendo* that traffic citations should reference either or both of the relevant statutory or regulatory jurisdictional provisions, whether the U.S. magistrate judge erred in not following Fed. R. Crim. P. 7(c)(3) by dismissing the citation for failing to reference the relevant jurisdictional provisions?

### III.  **STATEMENT OF THE CASE**

### A.  **Nature Of The Case And Proceedings Below**

By way of background, the United States Attorney's Office and the Federal Public Defender have been engaged in a dispute for some time regarding whether this Court has jurisdiction over non-criminal traffic offenses which occur on military bases.  Those issues were litigated, to some extent, in *United States v. Torres*, Cr. No. 06-00477 LEK.  Although the decisions by the U.S. Magistrate Judge in *Torres* do not have precedential effect on this Court in this case, a recitation of what transpired in *Torres* may be helpful.

In *Torres*, on December 27, 2006, U.S. Magistrate Judge Leslie E. Kobayashi ("the magistrate judge") held: (1) the traffic citation was defective because it cited only the Hawaii Revised Statute section which was violated and not the relevant section of the Code of Federal Regulations; and (2) the traffic citation was *not* enforceable by a U.S. magistrate judge because she was not a "local magistrate" as referred to in the regulations.  (See Exh. 1).

The United States initially appealed Magistrate Judge Kobayashi's decision to this Court.  (A copy of the docket sheet in *Torres* is attached hereto as Exhibit 2.).  The government then moved to dismiss its appeal, without prejudice, because the record before the magistrate judge was inaccurate.  The motion to

2

dismiss was granted by this Court on Feb. 28, 2007 (doc. no. 28).
With the case back before the magistrate judge, the government,
on February 27, 2007, filed a motion for leave of court to file a
motion to enlarge (that is, correct) the factual record and for
the court to reconsider its opinion of December 27, 2006 (doc.
no. 27). On April 30, 2007, the magistrate judge granted that
motion in part and denied it in part. (See doc. no. 32).
Notably, the Order prevented the government from enlarging the
record which would have made the case a proper vehicle to appeal
the issue to this Court. Nonetheless, on May 22, 2007, the
government filed a motion for the magistrate judge to reconsider
her Order of Dec. 26, 2006 (see doc. no. 33). That motion was
denied on August 3, 2007 (see Exh. 3). The government did not
appeal that written decision because of the faulty factual
record. Instead, the government decided to wait for a new case
with a "clean" record to litigate the issues raised in *Torres*.

On September 5, 2007, U.S. Magistrate Judge Kobayashi
again presided over traffic court. Before the session began, the
First Assistant Federal Public Defender informed the audience
that if they were there for traffic offenses, and if their
traffic citations referenced only the state statute (and not the
federal statute or regulation), they could move to dismiss the
traffic citation under *Torres*. See Declaration of Special
Assistant U.S. Attorney Joseph Smiga (Exhibit 4) at ¶ 2.

3

When the defendant's case was called, the prosecutor, Special Assistant U.S. Attorney Smiga, who also is an active-duty Captain with the Air Force, announced, per our local practice, that the defendant was charged with operating a motor vehicle at 39 miles per hour in an area with a posted speed limit of 25 miles per hour. Exh. 5 at 2. The defendant pleaded not guilty and he stated that he wanted to challenge the court's jurisdiction. *Id.* The magistrate judge then asked if the motion was based upon "USA versus Torres?" *Id.* The defendant replied that it was. *Id.* The government opposed the motion because notice was given by the posting of an appropriate sign. *Id.* at 3. Over the government's objection, the magistrate judge granted the oral motion to dismiss based upon *Torres*. *Id.*

**B.   Facts**

Because the magistrate judge dismissed the citation without a trial, the only facts are the ones reflected in the traffic citation. According to the traffic citation (exh. 6), the defendant allegedly was traveling at 39 mph in a 25 mph zone on Hickam Air Force Base on July 16, 2007. The traffic citation indicated that it was a "United States District Court Violation Notice" and that the defendant allegedly violated "HRS 291C-102." The ticket gave the defendant the option to pay $75 or appear in court (with the instructions on the back of the yellow copy). The defendant decided to plead not guilty (as described above).

4

## IV.    SUMMARY OF ARGUMENT

Title 40 U.S.C. § 1315 and 32 C.F.R. § 634.25 only set forth the jurisdictional basis for this Court's review of the traffic citation.  There is no legal requirement that traffic citations cite the court's jurisdictional basis.  Likewise, the indictments and informations prepared in this district normally do not cite to 18 U.S.C. § 3231 as the court's jurisdictional basis to hear those matters.

Moreover, 40 U.S.C. § 1315 specifically provides that the notice requirement is satisfied by the posting of an appropriate sign.  There is *no* requirement that *actual* notice of the court's jurisdiction be provided on the citation also.

Even assuming *arguendo* that the traffic citations should have referenced the jurisdictional basis on the ticket, the magistrate judge erred in rejecting the dictates of Fed. R. Civ. P. 7(c)(3) which provides that indictments and informations can only be dismissed for failure to include the appropriate statutory citation if the defendant has been misled and prejudiced.  There was no allegation that the defendant in this case was misled or otherwise prejudiced; he appeared in the right court on the correct date and time to have his initial appearance.

5

### V. ARGUMENT

#### A. Standard of review

The scope of an appeal of a magistrate judge's order to a district court is "the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D); *Stanton*, 2007 WL 2458550 at *5. If this were a case where the government was appealing (to the court of appeals) a district judge's dismissal of an indictment, the standard of review would be *de novo*. *See generally United States v. Resendiz-Ponce*, 127 S. Ct. 782 (2007) (reviewing the sufficiency of an indictment *de novo*). An appeal of a magistrate judge's dismissal of a traffic citation should be reviewed under the same standard. *See Lee*, 786 F.2d at 955-56 (reviewing magistrate dismissal of traffic charges *de novo*).

#### B. There is no legal requirement that the statutory/regulatory basis for the court's jurisdiction be referenced on the citation.

In some states, violations of certain state traffic laws, such as speeding, are criminal offenses. In other states they are infractions wherein no criminal penalties can be imposed. Hawaii, which used to be a decriminalized state regarding speeding, now includes criminal penalties for speeding cases in which the offender violates the speeding laws by 30 miles per hour or more. See H.R.S. § 291C-105. In all other

6

speeding cases, Hawaii is a decriminalized state where offenders can only be fined and not sent to jail.

In contrast to the piecemeal nature of how the different states punish traffic offenders, the United States Congress decided to have some *nationwide* consistency with respect to traffic offenses which occur on *federal* enclaves. Consequently, there are two relevant statutes which, when read together, provide nationwide consistency for traffic offenses on federal enclaves, including military bases.

In states where traffic offenders such as speeding are subject to criminal prosecution, the Assimilative Crimes Act, 18 U.S.C. § 13, provides for the incorporation of the state's criminal traffic laws onto federal military bases. But in states such as Hawaii (except for motorists who go 30 mph over the speed limit), the Assimilative Crimes Act does not apply.

In states such as Hawaii, where the Assimilative Crimes Act does not apply because the state traffic laws are not criminal, pursuant to his authority set forth in 40 U.S.C. § 1315, the Secretary of Homeland Security, in consultation with the Administrator of the General Services Administration may issue regulations which govern the administration of property owned by the federal government. See 40 U.S.C. § 1315(c)(1).

As stated therein:

(c) Regulations.

(1) In general. The Secretary, in consultation with the Administrator of General Services, **may prescribe regulations necessary for the protection and administration of property owned or occupied by the Federal Government and persons on the property. *The regulations may include reasonable penalties*,** within the limits prescribed in paragraph (2), for violations of the regulations. **The regulations shall be posted and remain posted in a conspicuous place on the property.**

40 U.S.C. § 1315(c)(1) (emphasis added).

As to the definition of "reasonable penalties," the statute specifically provides that violations of those regulations "shall be fined under title 18, United States Code, imprisoned for not more than 30 days, or both." 40 U.S.C. § 1315(c)(2).

Thus, when read together, the above-quoted portions of section 1315 specifically authorize the Secretary of Homeland Security (whose authority has been delegated to the Secretary of Defense with respect to military bases) to: (1) issue regulations necessary for the protection and administration of property owned or occupied by the Federal Government (e.g., Aliamanu Military Reservation); (2) with such regulations including reasonable penalties (i.e., imprisonment of up to 30 days and a fine under title 18 of the United States Code).

8

The statute has a further requirement.  It requires that the regulations be posted and remain posted in a conspicuous place on the property.  See 40 U.S.C. § 1315(c)(1); *see generally United States v. Bichsel*, 395 F.3d 1053, 1055-56 (9ᵗʰ Cir. 2005) (interpreting notice requirement of § 1315(c)(1)).[1]  *In other words, the statute has a built-in notice requirement: the regulations must be posted in a conspicuous place on each military base for which the traffic regulations apply*.  See id. In contrast, there is *no* requirement in the statute that any traffic ticket reference section 1315 or the implementing regulations right on the ticket.  Rather, the statute merely requires that people on the base learn, when they enter the base, that they are subject to the regulations set forth in the notice which must be posted in a conspicuous place.

Likewise, the applicable implementing regulation, 32 C.F.R. § 634.25(f), also requires that the military installation commander must have the notice "posted in a prominent place

---

[1] In *Bichsel*, the Ninth Circuit held that actual notice will suffice if a sign is not placed in a conspicuous place.  *Bichsel*, 395 F.3d at 1056 ("The actual notice exception fulfills the rationale behind the conspicuous posting requirement because actual notice is the best notice.").  Of course, actual notice only has intrinsic value if it is given *before* the offender violates the law and not after it, such as stating it on the citation.  For example, in *Bichsel*, the defendant was specifically informed that he would be violating the law *before* he committed the act which led to his arrest.  *Id.* at 1054-55.

9

accessible to persons assigned, living, or working on the installation." *See* 32 C.F.R. § 634.25(f).

Thus, under both the relevant statute, 40 U.S.C. § 1315(c)(1), and the relevant implementing regulation, 32 C.F.R. § 634.25(f), notice is satisfied by the posting of an appropriate warning "in a prominent place accessible to persons assigned, living, or working on the installation." Obviously, the posting of a warning on a sign at the entrance of the bases complies with this requirement.

Finally, the notice requirement in the statute and the implementing regulation -- that is, a warning to all persons who enter the military installation that they are subject to possible criminal penalties for violating Hawaii's traffic laws -- is far more effective than citing the statute and the implementing regulation on the tickets issued. That is because the posted warning can be seen *before* any possible transgressions have occurred and the sign effectively puts each motorist on notice to comply with Hawaii's traffic laws. In contrast, merely citing 40 U.S.C. § 1315 and 32 C.F.R. § 634 on each ticket merely informs the alleged offender, *after he already has committed the alleged criminal behavior*, that he is subject to criminal penalties for his alleged conduct. Surely that offender would have preferred to have been warned *before* he committed any transgression and not after.

10

The Ninth Circuit recently recognized the utility of having the notice provided *before* the offense was committed. In *United States v. Trimble*, 487 F.3d 752 (9th Cir. 2007), the court stated:

> [t]elling offenders *after* they have committed an offense what the penalty is for doing so serves none of the usual due process functions served by the notice requirement in criminal law. That notice requirement ensures fairness, makes deterrence possible, and avoids *ex post facto* application of criminal prohibitions. Telling an alleged offender after the fact what the punishment will be if he is convicted serves none of these purposes.

487 F.3d at 756-57 (citations omitted; emphasis in opinion).

In this case, if this Court were to reverse and remand the magistrate judge's ruling, it will be the government's burden to prove that the requisite sign was posted in a conspicuous place in accordance with section 1315(c)(1). If there were such a sign posted in a conspicuous place, then the Court would have jurisdiction to conduct a trial. We respectfully submit that the magistrate judge erred as a matter of law when she judicially created an additional notice requirement not found in the statute or the implementing regulation.

C.   **The magistrate judge's ruling conflicts with Fed. R. Crim. P. 7(c)(3) and Supreme Court and Ninth Circuit precedents.**

Even if the magistrate judge was somehow correct in ruling that 40 U.S.C. § 1315 or 32 C.F.R. § 634.25 should have been referred to on the actual traffic citation, the court still

11

erred in dismissing the traffic citation for that omission.

Federal Rule Criminal Procedure 7(c)(3) provides:

> Unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a ***citation's omission*** is a ground to dismiss the indictment or information or to reverse a conviction.

Fed. R. Crim. P. 7(c)(3) (emphasis added). The Ninth Circuit has interpreted that rule as follows:

> Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." This court has said that an indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States v. King*, 200 F.3d 1207, 1217 (9th Cir. 1999). Finally, if an indictment contains an error, there must be some evidence that the error misled the defendant to the defendant's prejudice. *See id.* (citing Fed.R.Crim.P.7(c)(3)).

*United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007).

While it is true that Fed. R. Crim. P. 7(c)(3) refers explicitly only to indictments and informations, Fed. R. Crim. P. 58(a)(1) provides that the Federal Rules of Criminal Procedure also apply to petty offenses and misdemeanors. *See Fed. R. Crim. P. 58(a)*. Traffic offenses brought pursuant to 40 U.S.C. § 1315 are Class C misdemeanors because the maximum possible term of imprisonment is thirty days. See 18 U.S.C. § 3559(a)(8). Thus, Rule 7(c)(3) applies to 1805 citations just as if the government filed a criminal information charging the same offense. A contrary ruling would result in the government filing criminal

12

informations for all traffic citations for which the
jurisdictional statutes were not referred to in the citations and
that surely is not a good use of the government's time or in the
interests of the defendants who usually resolve the traffic
citations in court without having to suffer the consequences of
having a formal criminal information filed against them in
federal court charging them with a Class C misdemeanor.[2]

Moreover, the principles behind Fed. R. Crim. P.
7(c)(3) apply equally here: unless the error in the ticket
somehow misled the defendant to his prejudice, the ticket should
not be dismissed because the appropriate regulatory section was
not cited on the ticket. *See United States v. King*, 200 F.3d
1207, 1217 (9th Cir. 1999) ("even if the government did err in
drafting the indictment, reversal would still be inappropriate
because the 'error' did not mislead King to his prejudice under
Rule 7(c)(3)"); *United States v. Bonallo*, 858 F.2d 1427, 1431
(9th Cir. 1988) ("Thus, even if we were to conclude that the
government erred, we would have to hold, under Fed.R.Crim.P.
7(c)(3), that the error 'did not mislead the defendant to his

---

[2] In view of the position apparently adopted by the
magistrate judges in this district -- that all traffic citations
which do not reference 40 U.S.C. § 1315 or 32 C.F.R. § 634.25(f)
and which are non-criminal under state law -- will be dismissed,
the government intends to file criminal informations in those
cases instead of appealing the magistrate judge's decision like
it has in this case and another case pending before this Court,
*United States v. Seale*, Cr. No. 07-00463 SOM.

prejudice' and so did not constitute grounds for dismissal of the indictment or reversal of the conviction."); *see also United States v. Castro-Trevino*, 464 F.3d 536, 545 (5th Cir. 2006) ("we conclude that the fact that 22 C.F.R. § 127.1 was not cited in the indictment as one of the regulations violated by Castro-Trevino's conduct is not a sufficient cause for us to vacate his guilty plea") (quoting Fed. R. Crim. P. 7(c)(3)).

Further, it would be anomalous to hold a military policeman to a higher standard in drafting tickets in the field, where the officer has inherent pressure because of safety concerns, than it holds federal prosecutors who have no such safety concerns when drafting indictments and informations in the comfort of their offices.  That is, if an indictment which charges a defendant with crimes which can expose him to lengthy prison sentences cannot be dismissed under Rule 7(c)(3) unless the defendant can prove prejudice, surely traffic tickets cannot be dismissed for the same reason absent prejudice to the recipient.

Here, Deng did not allege that he was somehow prejudiced by the failure to include a reference to section 1315 or 32 C.F.R. § 634.25(f) on his traffic ticket.  Likewise, the magistrate judge did not find that Deng was prejudiced by the failure of the ticket to cite either section 1315 or § 634.25(f).  Rather, the magistrate, following her earlier decision in *Torres*,

14

decided without written motion or an opportunity for the government to oppose such a motion in writing that the ticket should be dismissed because neither section 1315 nor § 634.25(f) was cited thereon.  In reaching that conclusion, the magistrate judge acted contrary to Fed. R. Crim. P. 7(c)(3).

Finally, the magistrate judge's decision is inconsistent with the latest Supreme Court pronouncement on charging documents.  In *Resendiz-Ponce*, the Court held that the failure to allege an overt act is not a fatal defect in an indictment charging attempted illegal entry under 8 U.S.C. § 1326(a).  127 S. Ct. at 787-88.  As stated by the Ninth Circuit:

> Reasoning that the word "attempt" carries with it an implied allegation of an overt act in furtherance of the charged attempt, the Court concluded that such indictments satisfy the requirement of Federal Rule of Criminal Procedure 7(c)(1) that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Id. at 789.

*United States v. Flores-Sanchez*, 477 F.3d 1089 (9th Cir. 2007). Surely it would be anomalous if the *indictment* charged in *Resendiz-Ponce* survives scrutiny, despite not including an overt act, yet a traffic citation which includes a factual recitation satisfying all of the elements of the offense could be dismissed because the statute establishing the court's jurisdiction was not cited.  We respectfully submit that the magistrate judge erred when she reached that conclusion.

15

## VI.  CONCLUSION

The oral decision of the magistrate judge dismissing the traffic citation should be reversed.  The case should be remanded for the setting of a trial date.

Dated:  September 27, 2007, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By:  *Marshall Silverberg*

MARSHALL SILVERBERG
Assistant U.S. Attorney

16

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served Electronically through CM/ECF:

ALEXANDER SILVERT                alexander_silvert@fd.org
First Assistant Federal
  Public Defender

Attorney for Defendant
AUSTIN M. DENG

DATED:   September 27, 2007, at Honolulu, Hawaii.

_____