PETER C. WOLFF, JR.  #2332
Federal Public Defender

ALEXANDER SILVERT
First Assistant Federal Defender
300 Ala Moana Boulevard, Suite 7104
Honolulu, Hawaii   96850-5269

Telephone:  (808) 541-2521
Facsimile:  (808) 541-3545
E-Mail:      fpdhi@hotmail.com

Attorney for Defendant-Appellee
AUSTIN M. DENG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 07-00462 JMS |
| | ) | |
| Plaintiff-Appellant, | ) | DEFENDANT-APPELLEE'S |
| | ) | ANSWERING BRIEF; TABLE OF |
| vs. | ) | CONTENTS; TABLE OF |
| | ) | AUTHORITIES; CERTIFICATE OF |
| AUSTIN M. DENG, | ) | SERVICE |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

*O:\JANG\BRIEFS\Deng AB-1.wpd*

## DEFENDANT-APPELLEE'S ANSWERING BRIEF

## TABLE OF CONTENTS

## TABLE OF AUTHORITIES

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-vi

COUNTER-STATEMENT OF THE ISSUES PRESENTED . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     Standards of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    The Magistrate Judge Properly Dismissed Mr. Deng's Traffic Case
       Based On This Court's Lack Of Jurisdiction. . . . . . . . . . . . . . . . . . . 4

       A.     Dismissal Was Warranted Because The Traffic Citation Failed
              To Give Mr. Deng Notice That His Violation Of State Law
              Subjected Him To Criminal Penalties Under Federal Law. . . . . 4

       B.     The Dismissal Did Not Conflict With Fed. R. Crim. P. 7(c)(3)
              Because The Failure To Cite The Federal Regulations In The
              Citation Could Have Led To Conviction And Imprisonment,
              Thereby Prejudicing Mr. Deng. . . . . . . . . . . . . . . . . . . . . . . . . 10

       C.     Based On United States v. Torres, The Magistrate Judge
              Reasonably Concluded That A "United States Magistrate
              Judge" Is Not A "Local Magistrate" As That Term Is Used In
              32 C.F.R. § 634.25(f). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**<u>TABLE OF CONTENTS</u>**
**(continued)**

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

Bugenig v. Hoopa Valley Tribe,
     229 F.3d 1210 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Cole v. Arkansas,
     333 U.S. 196 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Duncan v. Stuetzel,
     76 F.3d 1480 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Flores-Miramontes v. I.N.S.,
     212 F.3d 1133 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Freeman v. Gonzales,
     444 F.3d 1031(9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Healy v. Ratta,
     292 U.S. 263 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Kordel v. United States,
     335 U.S. 345 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Marinero v. Gregg,
     164 F.3d 1199 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Russian River Watershed Protection Comm. v. City of Santa Rosa,
     142 F.3d 1136 (9th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Stephens v. Borg,
     59 F.3d 932 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Stirone v. United States,
     361 U.S. 212 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tsang v. Kan,
     173 F.2d 204 (9th Cir. 1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

**CASES**                                                     **PAGE(S)**

United States v. Berger,
    473 F.3d 1080 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Bonallo,
    858 F.2d 1427 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Broncheau,
    597 F.2d 1260 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Flores-Sanchez,
    477 F.3d 1089 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. King,
    200 F.3d 1207 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

United States v. Karaouni,
    379 F.3d 1139 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

United States v. Mitchell,
    867 F.2d 1232 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Perlaza,
    439 F.3d 1149 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Real Property,
    135 F.3d 1312 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Reseniz-Ponce,
    127 S.Ct. 782 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

United States v. Ruelas,
    106 F.3d 1416 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**CASES** <span style="float:right">**PAGE(S)**</span>

United States v. Torres,
  2006 WL 3826793 (D. Haw. Dec. 27, 2006) . . . . . . . . . . . . . . 2, passim

United States v. Torres,
  2007 WL 2263062 (D. Haw. Aug. 3, 2007) . . . . . . . . . . . . . . . . . . . . 2

United States v. Trimble,
  487 F.3d 752 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

United States v. Ventre,
  338 F.3d 1047 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

United States v. Wyatt,
  408 F.3d 1257 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Wildman v. Johnson,
  261 F.3d 832 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4


**CONSTITUTIONAL PROVISIONS**

Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
Tenth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15


**STATUTES**

18 U.S.C. § 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 16
18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9, 10, 11
28 U.S.C. § 631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16

# TABLE OF AUTHORITIES
## (continued)

**STATUTES**                                                                    **PAGE(S)**

28 U.S.C. § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

40 U.S.C. § 1315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

Hawaii Revised Statutes § 291C-102 . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, passim


**RULES**

32 C.F.R. § 210.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

32 C.F.R. § 634.25(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, passim

32 C.F.R. § 634.32 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

32 C.F.R. § 634.32(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

Federal Rules of Criminal Procedure 7(c)(3) . . . . . . . . . . . . . . . . . . . . . . . 2, 10

Federal Rules of Criminal Procedure 58 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## COUNTER-STATEMENT OF THE ISSUES PRESENTED

1.  Whether the United States magistrate judge correctly concluded that the United States District Court for the District of Hawaii lacks jurisdiction over the criminal prosecution of non-criminal state traffic violations where the ticket issued to Mr. Deng cited him with a violation of Haw. Rev. Stat. § 291C-102, and did not refer to 40 U.S.C. § 1315, 32 C.F.R. §§ 210.3 or 634.25(f), and therefore failed to provide Mr. Deng with adequate notice that his violation of state law subjected him to criminal penalties under federal law.

2.  Whether the United States magistrate judge correctly determined that the United States District Court for the District of Hawaii lacks jurisdiction over the criminal prosecution of non-criminal state traffic violations because she is not a "local magistrate" as that term is used in 32 C.F.R. § 634.25(f).

# SUMMARY OF ARGUMENT

The magistrate judge correctly dismissed Mr. Deng's case based on United States v. Torres, 2006 WL 3826793 (D. Haw. Dec. 27, 2006) (Order Granting Defendant's Motion To Dismiss ("Torres Dismissal Order")), and United States v. Torres, 2007 WL 2263062 (D. Haw. Aug. 3, 2007) (Order Denying United States Of America's Motion To Reconsider The Court's Order of December 27, 2006 ("Torres Recon. Order")). The citation given to Mr. Deng only informed him that he had violated Haw. Rev. Stat. § 291C-102 by driving "39 mph in a 25 mph zone." The citation did not cite to 40 U.S.C. § 1315 or to 32 C.F.R. § 634.25(f), thereby failing to provide him proper notice under the Constitution that his violation of state law subjected him to criminal penalties under federal law (as opposed to a civil fine under a state law). Moreover, the citation failed to properly invoke this Court's jurisdiction, since it is only by means of a federal regulation that the violation of a state statute in a federal enclave can result in a conviction in federal court.

Based on the foregoing, the magistrate judge's dismissal does not conflict with Fed. R. Crim. P. 7(c)(3) or Ninth Circuit and Supreme Court precedents. Such failures were prejudicial to Mr. Deng, inasmuch as they subjected him to criminal sanctions -- as opposed to merely a civil fine -- in federal court on the basis of an insufficient charging document.

The dismissal was also proper based on the magistrate judge's conclusion in <u>Torres</u> that she is not a "local magistrate," as that term is used in 32 C.F.R. § 634.25(f), and that this Court therefore lacks jurisdiction over the criminal prosecution of non-criminal state traffic violations. The government fails to explain why, during the substantial revisions of Part 634 in 2005, the drafters chose to ignore Congress's 1990 directive to use "United States magistrate judge." The magistrate judge correctly concluded, after a thorough analysis, that the Department of Defense made a deliberate choice to have a "local magistrate" and not a "United States magistrate judge" preside over § 634.25(f) proceedings. The magistrate judge also reasonably concluded that § 634.25(f), which specifically addresses the prosecution of such violations, takes precedence over § 634.32(d), which is a general statute concerning the form used for traffic violations. Moreover, even in the event that the use of the term "local magistrate" was not deliberate, the rule of lenity calls for a court to construe a criminal statute or regulation in favor of the defendant.

<u>**ARGUMENT**</u>

**I.      Standards Of Review**

   Whether a magistrate judge has jurisdiction is reviewed *de novo*.

<u>United States v. Real Property</u>, 135 F.3d 1312, 1314 (9th Cir. 1998).  A magistrate

judge's conclusions of law are reviewed de novo.   <u>Russian River Watershed</u>

<u>Protection Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1140-41 (9th Cir.1998).

Factual findings made by a magistrate judge are reviewed for clear error.  <u>See</u>

<u>Wildman v. Johnson</u>, 261 F.3d 832, 836 (9th Cir. 2001); <u>Marinero v. Gregg</u>, 164

F.3d 1199, 1205 (9th Cir. 1999).

**II.     The Magistrate Judge Properly Dismissed Mr. Deng's Traffic
  Case Based On This Court's Lack Of Jurisdiction.**

   **A.      Dismissal Was Warranted Because The Traffic Citation
    Failed To Give Mr. Deng Notice That His Violation Of
    State Law Subjected Him To Criminal Penalties Under
    Federal Law.**

   The government argues that it was not required to reference the

statutory and regulatory basis for the District Court's jurisdiction on the citation

itself in order to provide Mr. Deng with proper notice.  Rather, the government

contends that 40 U.S.C. § 1315 and "the relevant implementing regulation, 32

C.F.R. § 634.25(f)," merely require that the federal regulations criminalizing

traffic offenses be posted in, respectively, a "conspicuous" or "prominent" place

on the federal enclave.  United States of America's Amended Opening Brief (OB) at 5-12.  The government then asserts that posting a sign at the entrance of a military base satisfies these statutory and regulatory notice requirements.[1]  See id. at 12.  The government argues that, therefore, the magistrate judge erred when she "judicially created an additional notice requirement not found in the statute or the regulations."  OB at 14.  The government's analysis, however, cannot withstand close scrutiny and the magistrate judge's ruling should be upheld.

Here, the traffic citation issued to Mr. Deng merely cited Haw. Rev. Stat. § 291C-102, which only sets forth a civil traffic infraction that, under state law, cannot result in a criminal conviction or imposition of a criminal penalty.  It is only by virtue of a federal regulation that this state statute can, if violated in a federal enclave, result in a conviction and criminal sanction in a federal court.[2]  But since the citation did not refer to this federal regulation (or otherwise indicate that Mr. Deng had committed a crime in violation of a federal criminal law), the

---

[1]    No evidence was entered into the record below with respect to the content or posting of signs on the military base.  The government's attachment of and references to Exhibit 7 are, therefore, improper and should be disregarded.

[2]    In Torres, the government conceded that state traffic infractions are non-criminal offenses under Hawaii state law, and that in the Ninth Circuit, the Assimilative Crimes Act, 18 U.S.C. § 13, cannot be used to prosecute non-criminal Hawaii traffic offenses in federal court.

traffic citation did not properly invoke the District Court's jurisdiction over criminal offenses.

It is important to recall that the citation in this matter is the charging document. It must, therefore, sufficiently lay out the criminal charge so as to (1) provide notice to the defendant that he has committed a *federal criminal offense (rather than only a civil infraction)* and, at the same time, (2) invoke this Court's criminal jurisdiction. As the magistrate judge properly concluded in the Torres Dismissal Order, "[d]ue to the inadequate notice provided *by the ticket* issued to Defendant, … the Government is limited to the procedures and penalties available under Hawaii law for a violation of § 291C-102." Id. at *3 [emphasis added]. Those penalties, however, are civil, not criminal. As such (the requisite diversity and amount in controversy being absent, see 28 U.S.C. § 1332(a)), "[t]his Court lacks the jurisdiction to entertain such proceedings." Id.; see also 18 U.S.C. § 3231. The short of it is this: the ticket did not charge a *criminal* offense, and it did not provide any notice to Mr. Deng that he had committed a *criminal* offense. It just told him he had committed a *civil* infraction.

United States v. Trimble, 487 F.3d 752 (9th Cir. 2007), which the government cites in support of the notion that prior notice on signs is more beneficial to a driver than notice after-the-fact on a ticket, is irrelevant. First, the government did not establish, in either Torres or in Mr. Deng's case, that signs on

the military bases give notice that under federal law, persons are subject to criminal penalties for violations of non-criminal state traffic laws.[3]  See Torres Dismissal Order at *2, n.3.  Second, Trimble involved the arbitrary imposition of processing fines resulting from the contemporaneous use of old and new traffic citation forms.  The defendant, Trimble, was subjected to processing fines because she was issued a traffic citation on a newer form, which referenced a processing fee.  However, the citation noted the fee only in reference to those who would pay fines via mail, and thus provided *no notice of the processing fee to defendants like Trimble,* who were required to appear in court.  See id. at 757: The Ninth Circuit concluded that the magistrate judge violated Trimble's constitutional rights of due process and equal protection by charging her more than other petty offenders for

---

[3]  In any event, the sign that the government's exhibits depict does not provide notice that a person violating a Hawaii traffic law that is only a civil infraction under state law will be guilty of a federal criminal offense.  The sign that the government's exhibits depict reads: "Warning!!  Hawaii's traffic laws are enforced on this military installation.  Any violation may be prosecuted in federal court.  Violators may be imprisoned and/or fined."  Government's Exhibit 7.  The use of the word "may," the use of the passive voice, and the use of the disjunctive "and/or" suggests (and certainly does not foreclose the reader from concluding) that a Hawaii traffic law that is only punishable under state law as a civil infraction may be punished in a state court, rather than a federal court, and may be punishable by a fine, rather than imprisonment.  The sign is ambiguous, at best.  As such, the sign that the government erroneously relies upon (erroneously because it did not introduce evidence of the sign before the magistrate) does not provide adequate notice that all Hawaii traffic laws will be punished in federal court as federal crimes, even if this Court could properly consider it in deciding this matter.

offenses covering the same time period. Id. at 757. Moreover, the Ninth Circuit's comments with respect to notice after-the-fact is dicta in light of its ruling granting dismissal on the grounds that imposition of fees was not supported by a rational or non-arbitrary basis and therefore, violated the defendant's constitutional rights.

The government utterly misapprehends the notice requirement that is at issue here. It is the notice that *the Constitution* requires, not the statutory and regulatory notice requirements that the government discusses, that the charging document (the traffic citation issued to Mr. Deng) violated. The Sixth Amendment to the United States Constitution mandates that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to be informed of the nature and cause of the accusation[.]" No less an authority than the United States Supreme Court has remarked that "[n]o principle of procedural due process is more clearly established than that notice of the specific charge … [is] among the constitutional rights of every accused in a criminal proceeding[.]" Cole v. Arkansas, 333 U.S. 196, 201 (1948); see also Stephens v. Borg, 59 F.3d 932, 934 (9th Cir. 1995) ("[t]he Sixth Amendment guarantees a criminal defendant the fundamental right to be clearly informed of the nature and course of the charges"); cf. Stirone v. United States, 361 U.S. 212, 217 (1960) (observing that a "court cannot permit a defendant to be tried on charges that are not made in the indictment against him").

Correlatively, the charging document must sufficiently allege an offense against the United States in order for this Court to have criminal jurisdiction over the proceeding under 18 U.S.C. § 3231. Thus, when an indictment (or, for that matter, any other charging document) fails to state an offense, the district court is "deprived of jurisdiction." United States v. Ventre, 338 F.3d 1047, 1051 (9th Cir. 2003) (quoting United States v. Ruelas, 106 F.3d 1416, 1418 (9th Cir. 1996) (quoting United States v. Mitchell, 867 F.2d 1232, 1233 n. 2 (9th Cir. 1989))); see also United States v. Broncheau, 597 F.2d 1260, 1262 n. 1 (9th Cir. 1979); cf. United States v. Perlaza, 439 F.3d 1149, 1167 n. 21 (9th Cir. 2006) (noting that "ordinarily, in this circuit," a claim "that the indictment fails to state an offense [is a] jurisdiction[al] claim[] not waived by the guilty plea" (citation, original brackets, and quotation marks omitted)).

The traffic citation issued to Mr. Deng merely informed him that he had violated the "state code," specifically "HRS 291C-102," by driving "39 mph in a 25 mph zone." Although the traffic citation had boxes and room for the citing officer to note the "CRF" and/or the "USC" provision(s) that Mr. Deng may have also violated, the officer indicated neither on the traffic citation he issued. The traffic citation further indicated that Mr. Deng could appear in court or pay a $75 fine. Nothing on the traffic citation informed Mr. Deng that he had committed a crime or that he was subject to criminal penalties, such as imprisonment. The

document, reproduced as Government's Exhibit 6, simply does not provide Mr. Deng with proper notice under the Constitution that he has committed a federal crime. It merely asserts that he committed a civil traffic infraction under state law. And that being so, it also does not state an offense against the United States that would trigger this Court's criminal jurisdiction under 18 U.S.C. § 3231.

**B.    The Dismissal Did Not Conflict With Fed. R. Crim. P. 7(c)(3) Because The Failure To Cite The Federal Regulations In The Citation Could Have Led To Conviction And Imprisonment, Thereby Prejudicing Mr. Deng.**

The government also argues that the magistrate judge's ruling conflicts with Fed. R. Crim. P. 7(c)(3) and Supreme Court and Ninth Circuit precedent. Mr. Deng does not dispute that it is generally true that, pursuant to Fed. R. Crim. P. 7 and 58, a charging document's incorrect or omitted statutory citation only warrants dismissal if it prejudices the defendant. See United States v. Berger, 473 F.3d 1080, 1103 (9th Cir. 2007); United States v. King, 200 F.3d 1207 (9th Cir. 1999); United States v. Bonallo, 858 F.2d 1427 (9th Cir. 1988). The problem here, however, is that, absent a citation to the appropriate federal regulation making such conduct criminal, the facts that are set forth in the traffic citation do not inform Mr. Deng that he has committed a crime and faces a criminal sanction at all, much less imprisonment, in federal court for that conduct. In fact, the traffic citation's failure to check the "CFR" or "USC" box and its

assertion that he merely violated "HRS 291C-102" of the "state code" is affirmatively misleading in this regard. Moreover, absent citation to the appropriate federal regulations, the traffic citation issued to Mr. Deng simply fails to invoke this Court's criminal jurisdiction, for it does not state an offense over which 18 U.S.C. § 3231 vests this Court with exclusive jurisdiction. Rather, it merely alleges a state civil infraction, over which the State of Hawaii retains concurrent jurisdiction. And, in any event, these failures *are* prejudicial to Mr. Deng, for they haul him into a federal court to answer to the speeding accusation as a *criminal* defendant facing *conviction* and potential *imprisonment* on the basis of an insufficient charging document when, in fact, he was noticed that he faced civil penalties pursuant to a state statute.

The government's citation to United States v. Flores-Sanchez, 477 F.3d 1089 (9th Cir. 2007), is inapposite. In that case, involving illegal reentry after deportation, the defendant alleged the superseding indictment failed to allege an overt act toward reentry. The Ninth Circuit held that the indictment was not defective because the word "attempt" carries with it an "implied allegation of an overt act in furtherance of the charged attempt." Id. at 1091 (quoting United States v. Reseniz-Ponce, 127 S.Ct. 782, 787-88 (2007)). In Mr. Deng's case, the charging document -- the citation -- carried no indication whatsoever that Mr. Deng faced a criminal sanction, including possible imprisonment, in federal court

for a violation of a non-criminal state law. As the magistrate judge noted in the Torres Recon. Order, it is a "fundamental tenet that a criminal defendant be provided notice of the charges against him." Id. at *4. In Mr. Deng's case, as in Torres, "neither the posted signs nor the citation provided Defendant with adequate notice of federal charges, much less any criminal charges." Id.

**C.    Based On United States v. Torres, The Magistrate Judge Reasonably Concluded That A "United States Magistrate Judge" Is Not A "Local Magistrate" As That Term Is Used In 32 C.F.R. § 634.25(f).**

Finally, based on Torres, the government contends that the magistrate judge erroneously held that she could not enforce traffic citations issued on military bases because "local magistrate" as the term is used in 32 C.F.R. § 634.25(f), does not mean "United States Magistrate Judge." See Torres Dismissal Order at *3–*7; Torres Recon. Order at *5–*6. In the prior order, although the magistrate judge acknowledged that § 634.32(d) "seems to imply that non-criminal state traffic violations that are made applicable on military installations should be prosecuted before a United States magistrate judge," she found that "§ 634.25(f), which specifically addresses the prosecution of such violations, takes precedence over § 634.32(d), which is a general statute concerning the form used for traffic

violations." Torres Dismissal Order at *7, n.7 (citing Freeman v. Gonzales, 444 F.3d 1031, 1035 n.8 (9ᵗʰ Cir. 2006)). The magistrate judge's logic on this point is unassailable.

As the magistrate judge noted, this regulation was adopted in its present form in 2005. In 1990, some fifteen years before, Congress expressly directed that a federal magistrate appointed under 28 U.S.C. § 631, "shall be known as a United States magistrate judge" and that less formal, *previous* references to a "United States magistrate" or "magistrate" in a statute or regulation "shall be deemed to refer to a United States magistrate judge." Torres Dismissal Order at *6 (citation omitted). Having enacted the regulation at issue here *after* Congress so set the ground rules, it was incumbent upon the agency drafting the regulation to use the term Congress directed if it meant to refer to this Court's United States magistrate judges, who are appointed under 28 U.S.C. § 631 (as opposed, perhaps, to some other federal magistrate appointed pursuant to some other provision of federal law, such as are military magistrates). See id. As the magistrate judge reasoned, "[t]he Department of Defense's addition of the term 'local magistrate' to § 634.25(f) in the 2005 amendment, despite the repeated use of 'U.S. Magistrate' elsewhere, indicates a deliberate choice to have a 'local magistrate,' rather than a United States magistrate judge, preside over § 634.25(f) proceedings." Torres Recon. Order at *5. Thus, whatever else "local magistrate"

13

might mean, it does not mean "United States magistrate judge."[4]  <u>See</u> <u>Torres</u> <u>Dismissal Order</u> at *6–*7.

Moreover, regulations are not the product of hasty drafting.  They must be published in draft form.  They must be subjected to public scrutiny and comment.  And they are not adopted in final form until after a lengthy and sedulous review process.  But even if they were the product of haste, that is no basis on which to excuse vagaries and vagueness, especially in the criminal context.  By the government's lights, the regulation at issue here is a criminal regulation.  As such, it is subject to strict construction:  "[a] criminal law is not to be read expansively to include what is not plainly embraced within the language of the statute."  <u>Kordel v. United States</u>, 335 U.S. 345, 348–349 (1948); <u>see also</u> <u>United States v. Karaouni</u>, 379 F.3d 1139, 1143 (9th Cir. 2004).  Indeed, the "rule of lenity" compels a court to construe a "poorly drafted" and "technically inaccurate" (euphemisms for "ambiguous") criminal statute or regulation *in favor of the defendant*.  <u>See</u> <u>United States v. Wyatt</u>, 408 F.3d 1257, 1262 (9th Cir. 2005).

---

[4]  There is, moreover, nothing absurd about the idea that "local magistrate" refers to a military magistrate, or even a state court judge, since Hawaii retains concurrent jurisdiction over military installations and other federal enclaves in this state.

In the context of the present matter, these rules are augmented by the general principle that when it comes to matters implicating this Court's subject matter jurisdiction, Congress (or the agency speaking for it in a regulation) must speak expressly and clearly. See Healy v. Ratta, 292 U.S. 263, 270 (1934) (noting, in discussing the federal statute providing for subject matter jurisdiction in a civil suit, that "[t]he power reserved to the state, under the Constitution (Amendment 10), to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the judicial sections of the Constitution (article 3)" and, thus, that "[d]ue regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); Tsang v. Kan, 173 F.2d 204, 205 (9th Cir. 1949) ("generally the jurisdiction of federal courts is to be strictly construed" (citation omitted); cf. Bugenig v. Hoopa Valley Tribe, 229 F.3d 1210, 1218–1219 (9th Cir. 2000) (noting that Congress must abide by the "clear statement rule" in legislation expanding an Indian tribe's jurisdiction over nonmembers of the tribe); Flores-Miramontes v. I.N.S., 212 F.3d 1133, 1137–1138 (9th Cir. 2000) (declining to find a repeal of habeas jurisdiction absent "a clear statement from Congress" doing so); Duncan v. Stuetzel, 76 F.3d 1480, 1485 (9th Cir. 1996) (discussing the statute providing for removal of a case from state court to federal court and noting that

it "is strictly construed" *against* federal jurisdiction and that federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" (citations and quotation marks omitted)).

In light of these precepts, the magistrate judge's refusal to construe "local magistrate" to mean "United States magistrate judge" is quite reasonable. When it comes to traffic offenses that, being crimes, can be assimilated under 18 U.S.C. § 13, the regulations clearly and expressly provide that a "United States magistrate" has jurisdiction, not a "local magistrate." See 32 C.F.R. § 634.32. It is only in 32 C.F.R. § 634.25(f) that the phrase "local magistrate" appears, and the context in which it does so relates to who shall adjudicate those traffic infractions that are *not* crimes under state law, but are only civil infractions. Bearing in mind that, as here, it is often the case that the municipality, county, or state wherein a federal enclave sits retains concurrent jurisdiction, the most reasonable construction to give to the phrase "local magistrate" in this context is a magistrate of the municipality, county, or state wherein the infraction occurred. "Local," in other words, is being used to differentiate the magistrate having civil subject matter jurisdiction over a citizen of the locality in which the infraction occurred from a federal one, be he or she an appointed military magistrate, a United States magistrate judge appointed under 28 U.S.C. § 631, or a federal magistrate appointed under some other provision of law. Indeed, as discussed in the Torres

16

pleadings on this issue, it is not uncommon for the military and a state to enter into a compact of some sort that provides that non-criminal traffic infractions that occur on a federal military base are to be adjudicated in the state courts.

## CONCLUSION

In accord with the foregoing, defendant-appellee AUSTIN M. DENG urges this Court to affirm the United States magistrate judge's dismissal of this case.

DATED:   Honolulu, Hawaii, December 14, 2007.


 /s/ Peter C. Wolff, Jr.
for    ALEXANDER SILVERT
       Attorney for Defendant-Appellee
       AUSTIN M. DENG

## STATEMENT OF RELATED CASES

Counsel is not aware of any cases pending in this Court that are
related to the present matter.

DATED: Honolulu, Hawaii, December 14, 2007.


                             /s/ Peter C. Wolff, Jr.
                  for    ALEXANDER SILVERT
                         Attorney for Defendant-Appellee
                         AUSTIN M. DENG

## CERTIFICATE OF COMPLIANCE

Pursuant to FED. R. APP. P. 32(a)(7)(C), I hereby certify that this principal brief complies with FED. R. APP. P. 32(a)(7)(B)(i), in that it is proportionately spaced in 14-point Times New Roman typeface and contains less than 14,000 words; specifically, it contains 3,921 words.

DATED:   Honolulu, Hawaii, December 14, 2007.


 /s/ Peter C. Wolff, Jr._____

for    ALEXANDER SILVERT
Attorney for Defendant-Appellee
AUSTIN M. DENG

**CERTIFICATE OF SERVICE**

ALEXANDER SILVERT, hereby certifies that on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at the last known address on December 14, 2007:

Served Electronically through CM/ECF:

MARSHALL H. SILVERBERG
Assistant United States Attorney
Attorney for Plaintiff-Appellee
UNITED STATES OF AMERICA

DATED:   Honolulu, Hawaii, December 14, 2007.

 /s/ Peter C. Wolff, Jr.

for     ALEXANDER SILVERT
        Attorney for Defendant-Appellee
        AUSTIN M. DENG