IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 07-00462 JMS |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING IN PART AND |
| | ) | REVERSING IN PART |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | KOBAYASHI'S ORAL ORDER |
| AUSTIN M. DENG, | ) | GRANTING DEFENDANT'S ORAL |
| | ) | MOTION TO DISMISS CITATION |
| Defendant. | ) | NO. R 3139586 |
| _____ | ) | |

**ORDER AFFIRMING IN PART AND REVERSING IN PART
MAGISTRATE JUDGE KOBAYASHI'S ORAL ORDER GRANTING
DEFENDANT'S ORAL MOTION TO DISMISS CITATION NO. R 3139586**

## I.  INTRODUCTION

Before the court is the government's appeal of Magistrate Judge

Kobayashi's September 5, 2007 Oral Order granting Defendant Austin M. Deng's

("Deng" or "Defendant") oral motion to dismiss citation number R 3139586 (the

"September 5, 2007 Oral Order").  For the foregoing reasons, the court AFFIRMS

in part and REVERSES in part the September 5, 2007 Oral Order.

## II.  BACKGROUND

On July 16, 2007, Deng was issued traffic Citation No. R 3139586 for

traveling 39 miles an hour in a 25 mile per hour zone on Hickam Air Force Base in

violation of Hawaii Revised Statutes ("HRS") § 291C-102.  The citation bears the

title "United States District Court Violation Notice," and gave Deng the option of

paying $75.00 or appearing in court.  Under Hawaii state law, a violation of HRS

§ 291C-102 is a civil infraction.  *See United States v. Carlson*, 900 F.2d 1346,

1347-48 (9th Cir. 1990) ("Hawaii has clearly decided that a speeding violation

does not constitute a criminal offense.").  The citation came before Magistrate

Judge Kobayashi due in part to 32 C.F.R. § 634.25(f), which makes a violation of

HRS § 291C-102 on a military installation subject to federal jurisdiction.

32 C.F.R. § 634.25(f) further subjects a violator to a possible "fine as determined

by the local magistrate or imprisonment for not more than 30 days, or both."

On September 5, 2007, Deng appeared before Magistrate Judge

Kobayashi to challenge the citation.  Specifically, Deng sought dismissal for lack

of jurisdiction on the basis of Magistrate Judge Kobayashi's previous ruling in

*United States v. Torres*, 2006 WL 3826793 (D. Haw. Dec. 27, 2006).  Similar to

this case, Torres received a citation for violation of HRS § 291C-102 while on a

military installation.  In *Torres*, Magistrate Judge Kobayashi dismissed the citation

because (1) the citation referenced only HRS § 291C-102 and therefore did not

provide sufficient notice that this violation of state law subjected Torres to

criminal penalties under federal law; and (2) the court lacked subject matter

jurisdiction over this citation because it was not a "local magistrate" as required by

2

32 C.F.R. § 634.25(f).  *See generally id.*

Based on *Torres*, Magistrate Judge Kobayashi granted Deng's oral motion to dismiss the citation in her September 5, 2007 Oral Order.  On September 14, 2007, the United States appealed the September 5, 2007 Oral Order to this court, and on November 16, 2007, filed an Amended Opening Brief.  On December 14, 2007, Deng filed an Answering Brief, and on January 15, 2008, the government filed a Reply.  A hearing was held on February 4, 2008.

### III.  <u>STANDARD OF REVIEW</u>

A party "may appeal an order of a magistrate judge to a district judge within 10 days of its entry if a district judge's order could similarly be appealed."  Fed. R. Crim. P. 58(g)(2)(A).  "The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  Fed. R. Crim. P. 58(g)(2)(D).

"[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the Ninth Circuit] . . . ."  *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007).  Further, the court must "review de novo whether a magistrate judge has jurisdiction."  *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 915 (9th Cir. 2003) (*citing United States v. 5145 N. Golden State Blvd.*, 135 F.3d 1312, 1314 (9th Cir. 1998)).

# IV. __DISCUSSION__

The government argues that the September 5, 2007 Oral Order is in error because: (1) a United States magistrate judge has jurisdiction to enforce traffic citations even though 32 C.F.R. § 634.25(f) refers to a "local magistrate;" and (2) the citation was not deficient because (a) traffic citations given on military installations need only reference the relevant Hawaii state law that was violated and not the federal court's criminal jurisdictional basis as well,[1] and (b) Federal Rule of Criminal Procedure 7(c)(3) allows the citation to stand so long as the defendant was not misled or otherwise prejudiced.  The court first outlines the relevant regulatory framework and then addresses each of these arguments.

///

///

///

///

_____

[1]  The government further argues that a sign outside Hickam Air Force Base provided sufficient notice as required by 40 U.S.C. § 1315, and attaches as an exhibit a photograph of this sign.  *See* Gov. Ex. 7.  As acknowledged by the government, however, the sign is not part of the record before the court.  *See* Fed. R. Crim. P. 58(g)(2)(D) (describing that the record on appeal "consists of the original papers and exhibits in the case; any transcript, tape, or other recording of the proceedings; and a certified copy of the docket entries").  At the hearing, the government argued that this case should be remanded back to Magistrate Judge Kobayashi so that the record could be supplemented with the sign.  As discussed *infra*, even if the sign was part the judicial record, the outcome of this Order would not change.  Accordingly, the court declines to remand this action.

**A.     Statutory and Regulatory Framework**

      ***1.     Hawaii State Law***

      HRS § 291C-102, titled "Noncompliance with speed limit

prohibited," states as follows:

> (a) A person violates this section if the person drives:
> > (1) A motor vehicle at a speed greater than the maximum
> > speed limit other than provided in section 291C-105;
>
> . . .
> (b) If the maximum speed limit is exceeded by more than ten
> miles per hour, a surcharge of $10 shall be imposed, in addition
> to any other penalties, and shall be deposited into the
> neurotrauma special fund.

HRS § 291C-161 provides the following penalties for violation of HRS

§ 291C-102:

> (a) It is a violation for any person to violate any of the
> provisions of this chapter . . . unless the violation is by other
> law of this State declared to be a felony, misdemeanor, or petty
> misdemeanor.
> (b) . . . [E]very person who is determined to have violated any
> provision of this chapter for which another penalty is not
> provided shall be fined:
> > (1) Not more than $200 for a first violation thereof;
> > (2) Not more than $300 for a second violation committed
> > within one year after the date of the first violation; and
> > (3) Not more than $500 for a third or subsequent
> > violation committed within one year after the date of the
> > first violation.

Pursuant to HRS § 701-107, a "violation" of HRS § 291C-102 is a civil, as

opposed to criminal, offense. *See* HRS § 701-107 ("A violation does not constitute a crime, and conviction of a violation shall not give rise to any civil disability based on conviction of a criminal offense"); *see also Carlson*, 900 F.2d at 1347-48 (discussing relevant Hawaii statutes and caselaw to determine that violation of HRS § 291C-102 does not constitute a criminal offense).

### 2.      *Federal Statutory and Regulatory Framework*

The Assimilative Crimes Act, 18 U.S.C. § 13(a) (the "ACA"), "makes state criminal laws applicable in federal courts exercising territorial jurisdiction over U.S. military bases." *United States v. Bosser*, 866 F.2d 315, 316 (9th Cir. 1989). "The act was intended to incorporate state law to fill 'gaps' in the criminal law otherwise applicable to federal enclaves." *United States v. Kaufman*, 862 F.2d 236, 237 (9th Cir. 1988); *see also United States v. Sharpnack*, 355 U.S. 286, 293 (1958) (stating that the ACA provides that "within each federal enclave, to the extent that offenses are not preempted by congressional enactments, there shall be complete current conformity with the criminal laws of the respective States in which the enclaves are situated"). Specific to traffic violations, 32 C.F.R. § 634.25(e) provides that: "[i]n States where traffic law violations are State criminal offenses, such laws are made applicable under the provisions of 18 U.S.C. § 13 to military installations having concurrent or exclusive Federal

jurisdiction."

Where a state law is *not criminal*, however, such law is not

assimilated. *Carlson*, 900 F.2d at 1348. State non-criminal traffic laws, such as

HRS § 291C-102, are instead applied to military installations by regulation. 32

C.F.R. § 634.25(f) provides that:

> In those States where violations of traffic law are not
> considered criminal offenses and cannot be assimilated under
> 18 U.S.C., DODD 5525.4, enclosure 1 expressly adopts the
> vehicular and pedestrian traffic laws of such States and makes
> these laws applicable to military installations having concurrent
> or exclusive Federal jurisdiction. It also delegates authority to
> installation commanders to establish additional vehicular and
> pedestrian traffic rules and regulations for their installations.
> Persons found guilty of violating the vehicular and pedestrian
> traffic laws made applicable on the installation under
> provisions of that directive are subject to a fine as determined
> by the local magistrate or imprisonment for not more than 30
> days, or both, for each violation. In those States where traffic
> laws cannot be assimilated, an extract copy of this paragraph
> (f) and a copy of the delegation memorandum in DODD
> 5525.4, enclosure 1, will be posted in a prominent place
> accessible to persons assigned, living, or working on the
> installation.

Further, 32 C.F.R. § 634.32 provides that most traffic violations,

whether under 32 C.F.R. §§ 634.25 (e) or (f), should be referred to a United States

magistrate judge:

> (a) Most traffic violations occurring on DOD installations
> (within the UNITED STATES or its territories) should be

7

referred to the proper U.S. Magistrate. (Army, see AR 190-29; DLA, see DLAI 5720.4; and Air Force, see AFI 51-905). However, violations are not referred when--

(1) The operator is driving a Government vehicle at the time of the violation.

(2) A Federal Magistrate is either not available or lacks jurisdiction to hear the matter because the violation occurred in an area where the Federal Government has only proprietary legislative jurisdiction.

(3) Mission requirements make referral of offenders impractical.

(4) A U.S. Magistrate is available but the accused refuses to consent to the jurisdiction of the court and the U.S. Attorney refuses to process the case before a U.S. District Court.  For the Navy, DUI and driving under the influence of drugs cases will be referred to the Federal Magistrate.

. . .

(d) DD Form 1805 will be used to refer violations of State traffic laws made applicable to the installation (Assimilative Crimes Act (18 U.S.C. § 13) and the delegation memorandum in DoDD 5525.4, enclosure 1, and other violations of Federal law) to the U.S. Magistrate. (Army users, see AR 190-29.)

## B.     Jurisdiction of "Local Magistrate"

*Torres*, which was the basis of Magistrate Judge Kobayashi's

dismissal of the Deng citation, addressed "whether federal courts have subject

matter jurisdiction over violations of non-criminal state traffic laws which occur

on military installations."  *Torres*, 2006 WL 3826793, at * 3.  *Torres* first

determined that Congress properly delegated its rule-making authority relating to

government property to the Secretary of Defense, and that the resulting "regulatory

8

scheme is not an improper delegation of Congress' authority."[2] *Id*. at *6.  *Torres*

found, however, that the regulatory scheme did not allow for federal jurisdiction

over non-criminal state traffic violations that occur on military installations.

Specifically, *Torres* interpreted 32 C.F.R. § 634.25(f)'s directive that a "local

magistrate" determine the proper penalty as conferring jurisdiction on a state (or

county) local magistrate to the exclusion of a United States magistrate judge.  *Id*.

at *7.  The court finds that *Torres'* construction of "local magistrate" was in error.

"As a general interpretive principle, 'the plain meaning of a

regulation governs.'"[3]  *Safe Air for Everyone v. U.S. Envtl. Prot. Agency*, 488 F.3d

1088, 1097 (9th Cir. 2007) (*quoting Wards Cove Packing Corp. v. Nat'l Marine*

*Fisheries Serv.*, 307 F.3d 1214, 1219 (9th Cir. 2002)).  "The plain language of a

---

[2] In this appeal, Deng does not challenge either Congress' delegation of its rule-making authority or the validity of the relevant regulations.

[3] The court rejects Deng's attempts to apply several rules of statutory construction.  First, even if the rule of lenity could potentially apply to a procedural rule, the regulations at issue are not so ambiguous as to trigger the rule.  *See United States v. Wyatt*, 408 F.3d 1257, 1262 (9th Cir. 2005) (The rule of lenity applies "only when there is grievous ambiguity or uncertainty in the statute and when, after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended." (citation and quotation marks omitted)); *Salinas v. United States*, 522 U.S. 52, 66 (1997) ("The rule does not apply when a statute is unambiguous or when invoked to engraft an illogical requirement to its text." (*citing United States v. Shabani*, 513 U.S. 10, 17 (1994)).  Second, Deng argues that "when it comes to matters implicating this Court's subject matter jurisdiction, Congress (or the agency speaking for it in a regulation) must speak expressly and clearly."  Def.'s Resp. Br. 15.  The caselaw relied upon by Deng is distinguishable, and regardless, the meaning of "local magistrate" in context with the entire regulatory scheme is clear.

regulation, however, will not control if 'clearly expressed [administrative] intent is to the contrary or [if] such plain meaning would lead to absurd results.'" *Id.* (*quoting Dyer v. United States*, 832 F.2d 1062, 1066 (9th Cir. 1987) (alterations in original)).  Further, "[w]hen construing a regulatory term that appears ambiguous in isolation, this court places the term in context in an attempt to derive its meaning."  *Trans World Marine, Inc. v. Hogarth*, 220 Fed. Appx. 477, 478-79 (9th Cir. 2007) (*citing Alaska Trojan P'ship v. Gutierrez*, 425 F.3d 620, 628 (9th Cir. 2005)).

32 C.F.R. § 634.25(f) provides:

> In those States where violations of traffic law are not considered criminal offenses and cannot be assimilated under 18 U.S.C., DODD 5525.4, enclosure 1 expressly adopts the vehicular and pedestrian traffic laws of such States and makes these laws applicable to military installations *having concurrent or exclusive Federal jurisdiction*.  It also delegates authority to installation commanders to establish additional vehicular and pedestrian traffic rules and regulations for their installations.  Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine as determined by *the local magistrate* or imprisonment for not more than 30 days, or both, for each violation. . . .

(emphasis added).

The term "local magistrate" is not defined by the regulations, and when divorced from the text, is ambiguous.  However, given that § 634.25(f)

applies to "military installations having concurrent or exclusive Federal jurisdiction," a reasonable construction is that "local magistrate" refers to a United States magistrate judge.  To hold otherwise would attempt to confer jurisdiction to a state (or county) judge for offenses taking place on military installations having exclusive federal jurisdiction.  Where there is exclusive federal jurisdiction, however, the United States government alone has the authority to prosecute criminal offenses.  *See People of Puerto Rico v. Koedel*, 927 F.2d 662, 665 (1st Cir. 1991).  The regulation obviously did not intend this absurd result.

This construction is further supported by reading § 634.25 in context with 32 C.F.R. § 634.32.  Section 634.32(a) provides that "most" traffic violations should be referred to a United States magistrate judge, except in four situations:

> (a) Most traffic violations occurring on DOD installations (within the UNITED STATES or its territories) should be referred to the proper *U.S. Magistrate*. (Army, see AR 190-29; DLA, see DLAI 5720.4; and Air Force, see AFI 51-905). However, violations are not referred when--
>> (1) The operator is driving a Government vehicle at the time of the violation.
>> (2) A *Federal Magistrate* is either not available or lacks jurisdiction to hear the matter because the violation occurred in an area where the Federal Government has only proprietary legislative jurisdiction.
>> (3) Mission requirements make referral of offenders impractical.
>> (4) A *U.S. Magistrate* is available but the accused refuses to consent to the jurisdiction of the court and the

11

> U.S. Attorney refuses to process the case before a U.S.
> District Court.  For the Navy, DUI and driving under the
> influence of drugs cases will be referred to the Federal
> Magistrate.

(emphasis added).  None of § 634.32(a)'s four exceptions to federal court jurisdiction apply here.  Further, § 634.32(d) specifies that state traffic violations that are made applicable on military installations should be prosecuted before a United States magistrate judge:[4]

> DD Form 1805 will be used to refer violations of State traffic
> laws made applicable to the installation (Assimilative Crimes
> Act (18 U.S.C. 13) and the delegation memorandum in DoDD
> 5525.4, enclosure 1, and other violations of Federal law) to the
> *U.S. Magistrate*.

(emphasis added).  To the extent there is any question who "local magistrate" refers to in § 634.25(f), § 634.32 clarifies that this term refers to a United States magistrate judge.[5]

---

[4] *Torres* acknowledged 32 C.F.R. § 634.32(d), but determined that "§ 634.25(f), which specifically addresses the prosecution of such violations, takes precedence over § 634.32(d), which is a general statute concerning the form used for traffic violations."  *United States v. Torres*, 2006 WL 3826793, at *7 n.7 (D. Haw. Dec. 27, 2006).  Because the court finds that "local magistrate" should be construed as "United States magistrate judge" based on a review of § 634.25 by itself, the court need not apply this rule of statutory construction here.  Even if such a rule did apply, however, § 634.32(a) also specifically addresses the prosecution of traffic violations, and the two sections should be read in conjunction.

[5] Reading §§ 634.25(e) - (g) with § 634.32 further supports this construction.  Section 634.25(e) provides that "[i]n States where traffic law violations are State criminal offenses, such laws are made applicable under the provisions of 18 U.S.C. § 13 to military installations having concurrent or exclusive Federal jurisdiction."  Section 634.25(e) does not provide to whom these

(continued...)

Finally, construing "local magistrate" as a state or county court magistrate would lead to an unreasonable result.  If "local magistrate" does not refer to a United States magistrate judge, then to whom should such violations be referred?  Deng suggests that the term refers to "a magistrate of the municipality, county, or state wherein the infraction occurred," Def.'s Resp. Br. 16, but the Hawaii state judiciary does not include magistrate judges.  Deng's construction would result in having *no body* in Hawaii, whether state or federal, capable of reviewing these citations.  Further, even if a Hawaii state judicial officer could be considered a "local magistrate," such construction would have the State issue penalties under federal law that it does not recognize under its own law for the

---

[5](...continued)
violations should be referred.  However, given that these violations occur where there is "concurrent or exclusive Federal jurisdiction," these violations are referred to a United States magistrate judge.  *See* 32 C.F.R. § 634.32.

    Section 634.25(f) includes this same jurisdictional language, i.e., that these non-criminal state laws are "applicable to military installations *having concurrent or exclusive Federal jurisdiction*." (emphasis added).  Further, prior to 2005, § 634.25(f) did not refer to "local magistrate," and these violations were also referred to a United States magistrate judge.  *See* 32 C.F.R. § 634.32.  But, as discussed *infra*, § 634.25(f)'s amendment to include "local magistrate" did not signal a major shift in how these violations should be processed.  Accordingly, these violations should still be referred to a United States magistrate judge.

    In comparison, § 634.25(g), governing when the federal government has only proprietary jurisdiction, provides that "[l]aw enforcement authorities on those military installations must rely on either administrative sanctions related to the installation driving privilege or enforcement of traffic laws by State law enforcement authorities."  Section 634.25(g) is one of the express exceptions listed in § 634.32 for when a traffic violation should not be referred to a United States magistrate judge.  *See* 32 U.S.C. § 634.32(a)(2).  While § 634.25(g) expressly describes that the State must enforce these violations, § 634.25(f) includes no such language.

same violation.  Such result cannot be maintained.  Accordingly, the court finds

that "local magistrate" means a United States magistrate judge.

In construing the term "local magistrate," the court takes into

consideration the countervailing support relied upon by *Torres*.  *Torres*

determined that "local magistrate" did not refer to a United States magistrate judge

because (1) the 1990 Judicial Improvements Act of 1990 requires that a United

States magistrate judge be referred to as a "United States magistrate judge;"

(2) § 634.25(f) was amended in 2005 to refer to "local magistrate;" and (3) other

sections of 32 C.F.R. pt. 634 explicitly use the term "U.S. magistrate."  *See Torres*,

2006 WL 3826793, at *6-7.

While it is true that § 634.25(f) could be drafted more precisely to

specify that violations of non-criminal state laws should be referred to a "U.S.

magistrate judge," the evidence relied upon in *Torres* does not persuade the court

for an alternative construction.  Prior to 2005, § 634.25(f) read as follows:

> Persons found guilty of violating the vehicular and pedestrian
> traffic laws made applicable on the installation under
> provisions of that directive are subject to a fine of not more
> than $50.00 or imprisonment for not more than 30 days, or
> both, for each violation. . . .

With no reference to whom these violations should be referred, § 634.32 (which

was not amended in 2005) clarified that such violations should be heard by a

14

United States magistrate judge.  Neither party disputes that prior to 2005, United States magistrate judges handled citations that are governed by § 634.25(f).

In 2005, § 634.25(f) was amended by replacing the phrase "of not more than $50.00" with "as determined by a local magistrate."  There were no comments or explanations that this amendment effected a change in enforcement.  Rather, it appears that "local magistrate" was inserted into § 634.25(f) with little, if any, contemplation as to the import of those words.  Given that 32 C.F.R. § 634.32 continued to specify that these citations should be referred to United States magistrate judges, it appears that use of "local magistrate" was at best, imprecise draftsmanship.[6]  Given the entire regulatory framework, this amendment does not signal a major change from having these citations referred to United States magistrate judges.  The court therefore REVERSES the September 5, 2007 Oral Order to the extent it held that the United States magistrate judge did not have subject matter jurisdiction over citations pursuant § 634.25(f) because she is not a "local magistrate."

///

///

---

[6] Indeed, even 32 C.F.R. § 634.32 used both "Federal magistrate" and "U.S. magistrate." There is no question, however, that both these terms refer to a United States magistrate judge.

15

C.     **Notice of Violation of Federal Law**

In dismissing the citation in *Torres*, Magistrate Judge Kobayashi found that "[i]nsofar as the citation did not refer to any provision of the U.S.C. or C.F.R., the citation failed to give Defendant notice that his violation of state law subjected him to criminal penalties under federal law, rather than the administrative penalties provided under state law."[7] *Torres*, 2006 WL 3826793, at *2.  The court agrees.

Deng's citation presents the court with a novel issue -- whether a citation that references a state law that carries only civil penalties nonetheless provides sufficient notice of the potential for federal criminal penalties.  In the context of a speeding citation -- which is certainly a civil matter in some courts and a criminal matter in others -- the court finds that a defendant must be given actual notice that the infraction is criminal.

"The Sixth Amendment guarantees a criminal defendant the fundamental right to be informed of the nature and cause of the charges made against him so as to permit adequate preparation of a defense." *Gautt v. Lewis*,

---

[7]  *Torres* further found that it lacked jurisdiction and "the Government is limited to the procedures and penalties available under Hawai'i law for a violation of § 291C-102." *Torres*, 2006 WL 3826793, at *3.  Because the parties have not addressed this statement in *Torres*, and the government does not argue that it could proceed in federal court to seek civil penalties only, the court does not address this issue here.

16

489 F.3d 993, 1002 (9th Cir. 2007) (citations omitted); *see also Stirone v. United States*, 361 U.S. 212, 217 (1960) ("[A] court cannot permit a defendant to be tried on charges that are not made in the indictment against him.").  To determine whether the defendant received adequate notice, "the court looks first to the information," the "principal purpose of [which] is to provide the defendant with a description of the charges against him in sufficient detail to enable him to prepare his defense." *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).  "[T]o satisfy the Sixth Amendment, 'an information [must] state the elements of an offense charged with sufficient clarity to apprise a defendant of what he must be prepared to defend against.'" *Gautt*, 489 F.3d at 1003 (*quoting Givens v. Housewright*, 786 F.2d 1378, 1380 (9th Cir. 1986)); *see also* Fed. R. Crim. P. 7(c)(1) ("The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government.").  "An explicit citation to the precise statute at issue is best, but a 'brief factual recitation in the information' can also suffice." *Id.* (*citing Givens*, 786 F.2d at 1381).

Here, Deng's citation referenced HRS § 291C-102 and recited the facts of his speeding violation.  In citing HRS § 291C-102, the citation notified Deng that he violated a Hawaii state law, which is a civil infraction and does not

impose any criminal penalties.  *See Carlson*, 900 F.2d at 1347-48.  Review of

HRS § 291C-102 would indicate that the only potential penalties Deng faced

under Hawaii law include a fine of not more than $200 if this were Deng's first

violation (with higher fines possible if there are multiple violations within the

same year), and a surcharge of $10 for exceeding the maximum speed limit by

more than ten miles per hour.  *See* HRS §§ 291C-102(c) & 291C-161(b).  While

the citation is titled "United States District Court Violation Notice," Deng is given

no information that would allow him to determine that he may be subject to

criminal penalties when, under state law, the violation is a civil infraction.  Stated

differently, the citation provides no indication that Deng's violation of § 291C-102

could subject him to criminal penalties under federal law, including (potentially),

imprisonment for not more than 30 days.[8]  *See* 32 C.F.R. § 634.25(f).  The court

therefore finds that this citation, by referencing only Hawaii state law, provided

insufficient notice to Deng that he faced a criminal violation of federal law.  The

citation, by itself, does not meet the guarantees of the Sixth Amendment.

     The court rejects each of the government's arguments why the

---

[8]  The facts here are analogous to cases where the charging document describes one crime, but the defendant is convicted of a different, or more serious crime.  As stated in *Cole v. State of Arkansas*, 333 U.S. 196, 201 (1948), "[i]t is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made." (*citing De Jonge v. State of Oregon*, 299 U.S. 353, 362 (1937)).

citation provided sufficient notice.  First, the government argues that Deng

received notice because 32 C.F.R. § 634.25 and its implementing statute, 40

U.S.C. § 1315(c)(1), require that the military installation post notice of § 634.25(f)

"in a prominent place accessible to persons assigned, living, or working on the

installation," 32 C.F.R. § 634.25(f), or "a conspicuous place on the property," 40

U.S.C. § 1315(c)(1).  *See* Gov. Br. 12.  The government confuses the elements of

the offense conduct with the guarantee of notice provided by the Sixth

Amendment.  As both Deng and the government agreed during the February 4,

2008 hearing, the conspicuous posting of the sign is an element of the offense.

*See United States v. Bichsel*, 395 F.3d 1053, 1056 (9th Cir. 2005) (discussing

whether 40 U.S.C. § 1315(c)(1)'s "conspicuous" notice requirement is a required

element of a conviction, or that actual notice suffices).  Whether a sign is posted,

however, does not equate to notice of the crime charged.  Even if it were part of

the record before the court, a sign, potentially viewed by Deng prior to receiving

the citation, does not fulfill the requirements of the Sixth Amendment.  The

government sought to admit the sign as part of the record, but no evidence that

Deng actually saw and read the sign.  This sign, even if part of the record, and

even if it provided notice of the criminal penalties, would establish at most only

constructive notice.  Where the citation itself cites a state civil penalty law only,

19

the court finds that actual notice is necessary to meet the requirements of the Sixth
Amendment.

The court recognizes that "in certain circumstances . . . a court can
examine sources other than the information for evidence that the defendant did
receive adequate notice." *See Gautt*, 489 F.3d at 1008-09 (citing cases).  The
Ninth Circuit has "never held, however, that these same non-charging document
sources can be consulted when the defendant claims . . . that he never received
sufficient notice of the actual underlying *charge* -- carrying a much heavier
penalty than the crime alleged -- rather than merely the operative theory of the
case." *Id*. at 1009.  Indeed, the court could find no cases where constructive
notice, as opposed to actual notice, was sufficient to save an insufficient charging
document.  *See Murtishaw v. Woodford*, 255 F.3d 926, 953-54 (9th Cir. 2001)
(relying on the state's opening statement, evidence presented at trial, and the
instructions conference to hold that the defendant had notice of the prosecution's
felony-murder theory); *Calderon v. Prunty*, 59 F.3d 1005, 1009-10 (9th Cir. 1995)
(looking to the opening statement and transcript from a hearing after the close of
the prosecution's case to assess whether the defendant had notice that the
prosecution was proceeding under a lying-in-wait theory of murder); *Morrison v.
Estelle*, 981 F.2d 425, 428-29 (9th Cir. 1992) (holding that the defendant received

20

constitutionally adequate notice of felony murder theory through the jury

instructions the prosecutor submitted two days before closing arguments and from

the overall evidence presented at trial); *Sheppard v. Rees*, 909 F.2d 1234, 1236 n.2

(9th Cir. 1989) (suggesting, in dicta, that "[a]n accused could be adequately

notified of the nature and cause of the accusation by other means -- for example, a

complaint, an arrest warrant, or a bill of particulars" or "during the course of a

preliminary hearing," and adding that the "[t]he Constitution itself speaks not of

form, but of substance" (citation omitted)).

   The court therefore declines to extend Ninth Circuit caselaw beyond

what has already been recognized.  The relevant inquiry is whether the citation

provides notice, not whether the government may be able to put forth evidence

indicating that Deng possibly knew the import of his citation.  *See Gautt*, 489 F.3d

at 1004 ("[I]t is 'clearly established' that a criminal defendant has a right,

guaranteed by the Sixth Amendment . . . , to be informed of any charges against

him, and that a charging document, such as an information, is the means by which

such notice is provided."); *Stirone v. United States*, 361 U.S. 212, 217 (1960)

("[A] court cannot permit a defendant to be tried on charges that are not made in

the indictment against him.").

   The government's reliance on *Bichsel* for an opposite rule is

misplaced. *Bichsel* addresses "whether actual notice is sufficient to meet the conspicuous posting requirement of 40 U.S.C. § 1315 for the enforcement of 41 C.F.R. § 102-74.385, failure to comply with the lawful order of a federal police officer." *Bichsel*, 395 F.3d at 1054. *Bichsel* found that § 1315's "conspicuous posting" is not a required element of a conviction where the defendant is given actual notice. *Bichsel* does not address whether actual notice, much less constructive notice, can fulfill the requirements of the Sixth Amendment where the charging document itself is deficient.[9]

The court also rejects the government's argument that Federal Rule of Criminal Procedure 7(c)(3) allows this citation to stand because there is no evidence that Deng was misled or otherwise prejudiced. Federal Rule of Criminal Procedure 7(c)(3) provides that "unless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." *See also United States v. Berger*, 473 F.3d 1080, 1103 (9th Cir. 2007) ("[I]f an indictment contains

---

[9] *United States v. Trimble*, 487 F.3d 752 (9th Cir. 2007), also relied upon by the government, has no application to this case. Trimble pled guilty to three traffic citations she received while on a military base, and was charged with a $25 processing fee. Other motorists were not charged this extra fee, however, because they had received an older version of the citation notice. *Trimble*, 487 F.3d at 753. The court determined that this imposition of fees was not supported by a rational or non-arbitrary basis, violating Trimble's constitutional rights. *Id.*

an error, there must be some evidence that the error misled the defendant to the defendant's prejudice." (citations omitted)).

The court finds that Rule 7(c)(3) does not apply here because Deng had no notice that he had been issued a *criminal* citation.  This is not a case where the citation merely failed to recite the relevant federal law, but the citation still recited a violation of state criminal law.  *See United States v. Johnson*, 131 F. Supp. 2d 721, 723 (D. Md. 2001) ("Defendant has cited no cases, and this Court has found none, that suggest that the Government's failure to refer to the Assimilative Crimes Act in the charging document renders that Act inapplicable to the crimes charged within.  The Act applies of its own force to state law crimes committed on federal lands under federal jurisdiction . . . .").

On its face, Deng's citation did not inform him that he had committed any crime.  Rather, the citation only informed Deng that he had violated a Hawaii state law, which carries only civil penalties.  Because Deng was given no notice that he was issued a *criminal* citation, the court AFFIRMS Magistrate Judge Kobayashi's determination that the citation did not provide Deng with sufficient notice of the charges against him in violation of the Sixth Amendment.

///

///

## V.  **CONCLUSION**

For the reasons discussed above, the court REVERSES in part and AFFIRMS in part the September 5, 2007 Oral Order.  The court construes the term "local magistrate" in 32 C.F.R. § 634.25(f) to refer to a United States magistrate judge.  The court further determines that Deng's citation provided him insufficient notice that he faced criminal penalties.  The Clerk of Court is directed to close this case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 14, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Deng*, CR. NO. 07-00462 JMS, Order Affirming in Part and Reversing in Part Magistrate Judge Kobayashi's Oral Order Granting Defendant's Oral Motion to Dismiss Citation No. R 3139586